NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 15 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| In re: PANIOLO CABLE COMPANY, LLC,<br><br>Debtor,<br>_____<br><br>MICHAEL KATZENSTEIN, Chapter 11 Trustee,<br><br>Plaintiff,<br><br> and<br><br>PAU LOA VENTURE, INC., Creditor,<br><br>Appellant,<br><br> v.<br><br>UNITED STATES OF AMERICA,<br><br>Appellee,<br><br> and<br><br>SANDWICH ISLES COMMUNICATIONS, INC.,<br><br>Defendant. | No.  22-15670<br><br>D.C. No.<br>1:21-cv-00499-JMS-WRP<br><br>MEMORANDUM[*] |

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the District of Hawaii
J. Michael Seabright, District Judge, Presiding

Submitted June 9, 2023[**]
Honolulu, Hawaii

Before: BADE, BUMATAY, and SANCHEZ, Circuit Judges.

Pau Loa Venture, Inc. ("Pau Loa"), appeals the district court's order granting the United States' motion to quash Pau Loa's writ of execution. Reviewing the district court's interpretation of Hawai'i law de novo, *see Hilao v. Estate of Marcos*, 95 F.3d 848, 851 (9th Cir. 1996), we affirm.

1.      We conclude that we have jurisdiction under 28 U.S.C. § 1291 to review the district court's order.[1] Because the district court quashed the writ of execution, leaving nothing for the court to resolve in a post-judgment proceeding, this order is a final reviewable decision. *See In re Gugliuzza*, 852 F.3d 884, 889–90 (9th Cir. 2017); *United States v. Swenson*, 971 F.3d 977, 982 (9th Cir. 2020).

2.      The district court properly concluded that the priority of the United States' lien is governed by Chapter 490 of the Hawai'i Revised Statutes ("HRS"), not Chapter 506. Hawai'i law expressly provides that the specific provisions

---

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] We requested supplemental briefing from the parties concerning this Court's jurisdiction to hear this appeal.

2

concerning security interests in fixtures under Chapter 490 supersede the general provisions concerning security interests in real property under Chapter 506. *See* HRS § 506-1(b) ("Except as otherwise provided in sections 490:9-334 and 490:9-604 of the Uniform Commercial Code with respect to security interests in fixtures, a mortgage which secures future advances . . . shall be superior to any subsequently recorded mortgage . . . ."); § 506-2 ("Subject to the limitations contained in this chapter and to sections 490:9-334 and 490:9-604 of the Uniform Commercial Code respecting security interests in fixtures . . . ."). A security interest in fixtures is perfected when a financing statement is filed, *see* § 490:9-310(a), and for a transmitting utility, "[t]he financing statement also constitutes a fixture filing as to the collateral indicated in the financing statement which is or is to become fixtures," § 490:9-501(b).

The United States perfected its security interest in the fixtures owned by Sandwich Isles Communications ("Sandwich Isles") when it recorded the March 2, 1998 Mortgage Security Agreement and Financing Statement with the Hawai'i Bureau of Conveyances on October 7, 1998, as a financing statement of a transmitting utility, and recorded mortgage supplements with the Bureau on July 26, 1999, and on July 2, 2001. §§ 490:9-310(a), 490:9-501(b). This recording happened before the recording of a judgment lien against Sandwich Isles that was

3

assigned to Pau Loa.[2]

3.      The district court properly concluded that the United States' perfected security interest has priority over the judgment assigned to Pau Loa.  The United States' earlier perfected security interest in Sandwich Isles' fixtures has priority over any later encumbrancer or owner of the real property.  HRS § 490:9-334(e)(1).  The United States' perfected security interest also takes precedence over the Pau Loa judgment because that judgment was "obtained by legal or equitable proceedings after the [United States'] security interest was perfected."  *Id.* § 490:9-334(e)(3).  Finally, the district court did not clearly err in finding that the 1998 Mortgage sufficiently described the collateral serving as security for the United States' loans and that Pau Loa's writ of execution would affect such collateral.

Pau Loa argues for the first time on appeal that the district court should not have considered lien priority in determining the availability of a writ of execution.  This argument was waived.  *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Because the United States has a perfected, senior security interest fully encumbering the property that the Pau Loa writ of execution would affect, we

---

[2] Michael Katzenstein, the bankruptcy trustee of Paniolo Cable Company, LLC, secured a judgment against Sandwich Isles that was recorded with the Bureau on January 2, 2020, and assigned the judgment to Pau Loa on June 17, 2020.

affirm the district court's order granting the United States' motion to quash.

**AFFIRMED.**